# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

February 10, 2021

Lyle W. Cayce
Clerk

No. 19-60796
Summary Calendar

Jennifer Rehvach-Rodriguez,

*Petitioner*,

*versus*

Robert M. Wilkinson, *Acting U.S. Attorney General*,

*Respondent*.

Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A206 773 796

Before Jolly, Elrod, and Graves, *Circuit Judges*.

Per Curiam:[*]

Jennifer Rehvach-Rodriguez, a native and citizen of Guatemala, petitions for review of an order of the Board of Immigration Appeals (BIA) upholding the decision of an immigration judge (IJ) to deny her application for asylum and withholding of removal. She contends that the BIA

[*] Pursuant to 5TH CIRCUIT RULE 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIRCUIT RULE 47.5.4.

erroneously determined that the death threats she received did not rise to the level of past persecution, failed to consider her compelling evidence showing a well-founded fear of future persecution, and erroneously determined that she failed to demonstrate that the Guatemalan government was unable or unwilling to control the individual who threatened her.

We review the final decision of the BIA and also consider the IJ's decision where it influenced the determination of the BIA. *Zhu v. Gonzales*, 493 F.3d 588, 593 (5th Cir. 2007). We review factual findings for substantial evidence and legal questions de novo. *Id*. at 594. Under the substantial evidence standard, the petitioner must show that "the evidence is so compelling that no reasonable factfinder could reach" a conclusion contrary to that of the BIA. *Orellana-Monson v. Holder*, 685 F.3d 511, 518 (5th Cir. 2012) (internal quotation marks and citation omitted).

The Attorney General has the discretion to grant asylum to refugees. 8 U.S.C. § 1158(b)(1); *Orellana-Monson*, 685 F.3d at 518. To be eligible for asylum as a refugee, a petitioner must show that she is a person who is outside of her country and is unable or unwilling to return "because of persecution or a well-founded fear of persecution on account of race, religion, nationality, membership in a particular social group, or political opinion." 8 U.S.C. § 1101(a)(42)(A); *see also* 8 C.F.R. § 1208.13(b). In circumstances where an applicant for asylum or withholding of removal alleges that she has been persecuted or fears persecution by a private actor, she must show the government is unable or unwilling to control the private actor. *See Tesfamichael v. Gonzales*, 469 F.3d 109, 113 (5th Cir. 2006); *Adebisi v. INS*, 952 F.2d 910, 914 (5th Cir. 1992).

Here, especially considering that Rehvach-Rodriguez did not report the death threats and that her uncle previously received protection from the government, substantial evidence supports the BIA's determination that she

No. 19-60796

failed to show that the Guatemalan government is unable or unwilling to control the individual who made threatening calls. *See Orellana-Monson*, 685 F.3d at 518. This holding, on its own, is dispositive of Rehvach-Rodriguez's claims regarding both past persecution and her well-founded fear of future persecution. *See Tesfamichael*, 469 F.3d at 113; *Adebisi*, 952 F.2d at 914. Further, because she fails to meet the "less stringent" standard for asylum, she is necessarily unable to establish entitlement to withholding of removal. *See Dayo v. Holder*, 687 F.3d 653, 658-59 (5th Cir. 2012).

Accordingly, Rehvach-Rodriguez's petition for review is DENIED.